UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK VENSON,<br><br>           Plaintiff,<br><br>v.<br><br>PRO CUSTOM SOLAR, LLC, et al.,<br><br>           Defendants. | Civil Action No. 19-19227 (ES) (MAH)<br><br>OPINION |

## I.    INTRODUCTION

This matter comes before the Court by way of Plaintiff Mark Venson's motion for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). Pl.'s Mot. to Amend Compl., Aug. 30, 2021, D.E. 57. The Court has considered the parties' submissions and, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, has decided the motion without oral argument. For the reasons set forth below, the Court will grant the motion in part and deny the motion in part.

## II.    BACKGROUND

Plaintiff initiated this action on October 22, 2019 by filing a Complaint against his former employer, Defendant Pro Custom Solar, LLC ("Momentum") and two of his former supervisors, Defendants Jeffrey Anclien and Brian Alper (collectively "Defendants"). Compl., Oct. 22, 2019, D.E. 1, at ¶¶ 16-18. Anclien is Momentum's Director of Inside Sales. *Id.* at ¶ 17. Alper is Momentum's Manager of Inside Sales. *Id.* at ¶ 18. Both men "had the authority and ability to control and alter the terms and conditions of all employees who worked at Momentum." *Id.* at ¶¶ 17-18.

According to the Complaint, Defendants regularly subjected Plaintiff and other Black Momentum employees to racial hostility and disparate treatment, including "highly offensive and patently racist comments;" lower pay than similarly situated white employees; and reprisals. *Id.* at ¶ 59. Plaintiff alleged five causes of action against Defendants on behalf of himself and "[a]ll Black call center employees who worked for Momentum out of its New Jersey call center during the full statutory period." *Id.* at ¶¶ 57, 89-108. Those claims included (1) discrimination and (2) retaliation in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§1981"), as well as (3) discrimination and (4) retaliation in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 ("NJLAD"). *Id.* at pp. 17-20. In the Fifth Count of the Complaint, Anclien and Alper were also sued "in their individual and professional capacities" for aiding and abetting violations of the NJLAD. *Id.* at pp. 20-21.

On April 2, 2021, Plaintiff filed an Amended Complaint and raised two additional causes of action on his own behalf against Momentum: discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. First Am. Compl., Apr. 2, 2021, D.E. 43, at pp. 20-21. The Court subsequently gave Plaintiff a deadline of August 30, 2021 to file a motion for leave to add putative class representatives as named plaintiffs. Revised Case Management Schedule, Aug. 10, 2021, D.E. 54, at ¶ 1.

Plaintiff timely filed the instant motion, seeking leave to file a Second Amended Complaint naming four putative class members as plaintiffs. Pl.'s Br. in Supp. of Mot. to Amend, Aug. 30, 2021, D.E. 57-1, at p. 1. Like Plaintiff, those individuals – Alissa Winfrey, Ahmed Sunkins, O'Neil Hall, and Basil Oguekwe – accuse Defendants of discrimination and retaliation in violation of § 1981 and the NJLAD. *See* Proposed Second Am. Compl., D.E. 57-4, at pp. 25-28. They also assert a claim of aiding and abetting violations of the NJLAD against

2

Anclien and Alper.  *Id.* at p. 28.  Defendants oppose Plaintiff's motion on the ground that certain proposed amendments are futile.  Defs.' Br. in Opp'n, Sept. 20, 2021, D.E. 60; Defs.' Sur-Reply, Oct. 7, 2021, D.E. 67.

### III.  DISCUSSION

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend:  'The court should freely give leave when justice so requires.'"  *Spartan Concrete Prods. v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019).  The Court may nevertheless deny a motion to amend where there is (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017).

Defendants contend several of Plaintiff's proposed amendments are futile.  Defs.' Br. in Opp'n, D.E. 60, at pp. 2, 16, 38.  An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face."  *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).  To determine whether a proposed amendment is "insufficient on its face," the Court utilizes the standard applied to Rule 12(b)(6) motions to dismiss.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  That is, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The task of determining whether a complaint states a plausible claim is context-specific and requires the Court to draw on judicial experience and common sense.  *Id.* at 679.

Both the Supreme Court and the Third Circuit Court of Appeals have held "that an employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002); *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009). Instead, under Federal Rule of Civil Procedure 8(a)(2) ("Rule 8"), the complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "need only allege enough facts to 'raise a reasonable expectation that discovery will reveal evidence of [each] necessary element.'" *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (alteration in original) (quoting *Fowler*, 578 F.3d at 213).

A. **The Sufficiency of the Proposed Pleadings**

Accepting the allegations contained in the Proposed Second Amended Complaint as true, the Court is persuaded that the four putative class members have sufficiently pled claims of discrimination under § 1981 against Defendants. To substantiate a claim of racial discrimination under § 1981, a plaintiff must show he or she (1) is a member of a protected class; (2) satisfactorily performed the required duties; (3) suffered an adverse employment action; and (4) "the adverse employment action occurred 'under circumstances that raise an inference of discriminat[ion].'" *Walker v. Centocor Ortho Biotech, Inc.*, 558 Fed. Appx. 216, 218 (3d Cir. 2014) (quoting *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003)). "[P]rivate individuals can be held liable for violating § 1981 so long as there is 'some affirmative link to causally connect the actor with the discriminatory action.'" *Suero v. Motorworld Auto. Grp.*, Civ. No. 16-0686, 2017 WL 413005, at *6 (M.D. Pa. Jan. 31, 2017) (first citing *Cardenas v. Massey*, 269 F.3d 251, 268 (3d Cir. 2001); and then quoting *Jean-Louis v. Am. Airlines*, Civ. No. 08-3898, 2010 WL 3023943, at *4 (E.D.N.Y. July 30, 2010)).

Defendants do not dispute that the proposed plaintiffs are members of a protected class, nor do they challenge the proposed plaintiffs' allegations that these plaintiffs experienced an adverse employment action. Defs.' Br. in Opp'n, D.E. 60, at pp. 17, 30, 33. Instead, Defendants' principal objection is that Winfrey, Sunkins and Hall[1] have failed to plead facts supporting an inference of racial animus. *Id.* The Court finds no merit in this contention because Defendants' argument has already been rejected by the Supreme Court in *Swierkiewicz v. Sorema*, 534 U.S. at 509.

In *Swierkiewicz*, the plaintiff filed an action against his former employer, accusing the employer of national origin discrimination in violation of Title VII. *Id.* The district court dismissed the complaint, reasoning plaintiff "ha[d] not adequately alleged a prima facie case, in that he ha[d] not adequately alleged circumstances that support an inference of discrimination." *Id.* (alterations in original). The Second Circuit affirmed the dismissal. *Id.* The Supreme Court reversed, explaining "[t]he prima facie case under *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792 (1973)] is an evidentiary standard, not a pleading requirement." *Id.* at 510. Instead, employment discrimination complaints "must satisfy only the simple requirements of Rule 8(a)." *Id.* at 513.

The proposed pleading easily satisfies the requirements of Rule 8(a). The Second Amended Complaint gives Defendants fair notice of what the putative class members' claims are and the grounds upon which their § 1981 discrimination claims rest. The former employees allege they were either expressly or constructively terminated because of race discrimination.

---

[1] Having made no argument to the contrary, Defendants tacitly concede that Oguekwe has sufficiently pleaded claims of discrimination and retaliation under both the NJLAD and § 1981 against Momentum. Defs.' Br. in Opp'n, D.E. 60, at pp. 36-37; Pl.'s Br. in Further Supp., Sept. 27, 2021, D.E. 63, at p. 6.

Proposed Second Am. Compl., D.E. 57-4, at ¶¶ 52-60, 65-69, 75-82, 92-97.  Each describes Defendants' alleged mistreatment of Black employees and the circumstances leading to their separation from Momentum, as well as the purported races of some potentially involved persons. *Id.*  While Defendants may posit that the proposed pleadings are lacking, the Court finds that the allegations of the Proposed Second Amended Complaint satisfy Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See Twombly*, 550 U.S. at 555 (stating "a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations").  Defendants will have a full and fair opportunity in discovery to require the newly-added plaintiffs to provide specific information, and motion practice and trial will test the adequacy of the plaintiffs' proofs.

Next, Defendants argue, without opposition, that Winfrey, Hall, and Sunkins have not articulated a claim of retaliation under § 1981.  Defs.' Br. in Opp'n, D.E. 60, at pp. 18, 28-29, 33; *see also* Pl.'s Br. in Further Supp., D.E. 63, at pp. 6-7.  To make a prima facie claim of retaliation under § 1981, the proposed plaintiffs must demonstrate (1) they engaged in a protected activity; (2) Momentum thereafter took an adverse employment action against them; and (3) "there was a causal connection between [their] participation in the protected activity and the adverse employment action." *Castleberry v. STI Grp.*, 863 F.3d 259, 267 (3d Cir. 2017) (quoting *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006)).  Neither Winfrey nor Hall has alleged that they engaged in a protected activity.  *See* Proposed Second Am. Compl., D.E. 57-4, at ¶¶ 61-84.  Sunkins alleges that he "complained about not being paid on time," but his alleged protected activity (complaining) did not precede and cause the adverse employment action he experienced (his late wages).  *Id.* at ¶¶ 56-57.  Those deficiencies render Winfrey, Hall, and Sunkins's claims of retaliation under § 1981 futile.  For the same reasons,

their claims of retaliation under the NJLAD are also futile.  *See Tartaglia v. UBS PaineWebber, Inc.*, 197 N.J. 81, 125 (2008) (noting a prima facie claim of retaliation under NJLAD requires a showing plaintiff (1) "engaged in a protected activity known by the employer;" (2) "thereafter" experienced unlawful retaliation; and (3) their protected activity caused the retaliation).

Defendants opine Oguekwe's § 1981 discrimination and retaliation claims against Anclien and Alper are futile because Oguekwe did not clearly allege the two supervisors were involved in his termination; thus "the element of and [sic] adverse employment action does not apply to them."  Defs.' Br. in Opp'n, D.E. 60, at pp. 35-37.  Plaintiff responds that Oguekwe has sufficiently pleaded claims against Anclien and Alper because the Proposed Second Amended Complaint "alleges that both . . . actually participated in the conduct giving rise to a discrimination claim as both were responsible as decisionmakers."  Pl.'s Br. in Further Supp., D.E. 63, at p.6.

The Court finds Defendants' argument unpersuasive.  The Third Circuit "has found individual liability under § 1981 'when [the defendants] intentionally cause an infringement of rights protected by Section 1981, regardless of whether the [employer] may also be held liable.'" *Cardenas*, 269 F.3d at 268 (citing *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996) (en banc)).  "If individuals are personally involved in the discrimination . . . , and if they intentionally caused [the employer] to infringe on [the plaintiff's] Section 1981 rights, or if they authorized, directed, or participated in the alleged discriminatory conduct, they may be held liable."  *Al-Khazraji v. Saint Francis Coll.*, 784 F.2d 505, 518 (3d Cir. 1986).  Accordingly, Oguekwe is not obligated to plead or prove that Anclien and Alper were directly involved in his termination to subject them to individual liability under § 1981.  *See id.*

Oguekwe has sufficiently pleaded that Anclien and Alper personally and intentionally engaged in discriminatory conduct, causing an infringement of his rights. Oguekwe contends Alper was "a primary advocate of using racial slurs" and Anclien shouted at Black employees to "get [their] lazy black asses to work, this is not the hood." Proposed Second Am. Compl., D.E. 57-4, at ¶¶ 86-91. After complaining about the discriminatory treatment of Anclien, Alper, and other managers toward Black employees, Oguekwe suddenly began receiving negative feedback and was thereafter terminated. *See id.* Taken together, these pleadings are more than sufficient to state a plausible claim of discrimination and retaliation under § 1981 against Anclien and Alper.

Defendants argue the putative class members' third cause of action, discrimination in violation of the NJLAD, is both factually and legally futile. Defs.' Br. in Opp'n, D.E. 60, at pp. 17, 30, 33. A prima facie case of discrimination under the NJLAD is established when a plaintiff proves they "(1) belong[] to a protected class; (2) w[ere] performing a job at a level that met the employer's legitimate expectations; (3) suffered an adverse employment action; and (4) others not within the protected class did not suffer similar adverse employment actions." *Wesley v. Palace Rehab & Care Ctr.*, 3 F. Supp. 3d 221, 231 (D.N.J. 2014) (citing *Zive v. Stanley Roberts, Inc.*, 182 N.J. 436 (2005)). Defendants base their factual challenge on Winfrey, Sunkins, and Hall's alleged failure to plead facts allowing an inference of discriminatory animus. *Id.* For reasons discussed above in the Court's consideration of the proposed plaintiffs' § 1981 discrimination claims, the Court is not persuaded by this argument.

Defendants next argue that the putative class members' NJLAD discrimination and retaliation claims against Anclien and Alper fail as a matter of law. *Id.* The NJLAD empowers employees to sue "employers" for unlawful employment practices and for reprisals stemming

8

from an employee's objection to such practices. N.J.S.A. 10:5-12(a) and (d). It is well-established, however, that individual supervisors do not fall under the NJLAD's definition of "employer." *Cicchetti v. Morris Cnty. Sherriff's Off.*, 194 N.J. 563, 591-94 (2008); *Tarr v. Ciasulli*, 181 N.J. 70, 82-83 (2004). Consequently, notwithstanding how a jury may perceive their alleged acts for purposes of Momentum's liability, neither Anclien nor Alper may be subject to claims of discrimination or retaliation under N.J.S.A. 10:5-12(a) or (d) of the NJLAD. *Cicchetti*, 194 N.J. at 591-94. Those claims, as against Anclien and Alper, are therefore futile.

Anclien and Alper may nevertheless be held individually liable under the NJLAD's "aiding, abetting, and inciting" mechanism, N.J.S.A. 10:5-12(e). *Id.* at 594.

> [T]o hold an employee liable as an aider or abettor, a plaintiff must show that "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation."

*Tarr*, 181 N.J. at 84 (quoting *Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 127 (3d Cir. 1999)).

Defendants argue the proposed aiding and abetting claims against Anclien and Alper are futile because "employees in supervisory roles cannot be held liable for their own discriminatory employment decisions but, rather, . . . only when they substantially assist in the discriminatory conduct of another employee." *Id.* at pp. 14-15, 19, 31, 34, 38. Defendants rely upon three cases in making this argument: *Newsome v. Administrative Office of Courts*, 103 F. Supp. 2d 807, 823 (D.N.J. 2000); *Seibert v. Quest Diagnostics, Inc.*, Civ. No. 11-0304, 2012 WL 1044308, at *9 (D.N.J. Mar. 28, 2012); and *Tsakonas v. Nextel Communications, Inc.*, Civ. No. 04-1363, 2006 WL 2527998, at *6 (D.N.J. Aug. 31, 2006). While Defendants correctly cite the holdings of

9

those cases, subsequent courts in this District have held that individual supervisors can aid and abet their own conduct. *DeSantis v. N.J. Transit*, 103 F. Supp. 3d 583, 591 (D.N.J. 2015); *Marino v. Westfield Bd. of Educ.*, Civ. No. 16-0361, 2016 WL 2901706, at *10 (D.N.J. May 18, 2016); *Longo v. Purdue Pharma, L.P.*, Civ. No. 14-1204, 2014 WL 2800817, at *7 (D.N.J. June 19, 2014). Moreover, the holdings of *Newsome* and the derivative cases Defendants cite have been attributed to "the court's misreading of *Hurley*." *Marino*, 2016 WL 2901706, at *10.

A supervisor "cannot escape individual liability for his own allegedly egregious conduct based on a narrow construction of the 'aiding and abetting' provision of the [NJLAD]." *Longo*, 2014 WL 2800817, at *7 (quoting *Rowan v. Hartford Plaza Ltd.*, No. A-0107-11, 2013 WL 1350095, at *7-8 (App. Div. Apr. 5, 2013)). "A supervisor, under New Jersey law, has a duty to act against harassment. This duty can be violated by deliberate indifference or affirmatively harassing acts. When a supervisor flouts this duty, he subjects himself and his employer to liability." *Hurley*, 174 F.3d at 126. Here, the proposed pleading contains allegations that each of the putative class representatives was subjected to racially hostile conditions that both Alper and Anclien, as supervisors, had the ability to control and change, but instead fostered. Proposed Second Am. Compl., D.E. 57-4, at ¶¶ 29-30. Both men are accused of behaving with indifference and/or affirmatively using racial slurs and stereotypes. *Id.* at ¶¶ 49-51, 62-64, 74-80, 88-91. For example, Sunkins has alleged that Alper greeted him using the N-word and "refer[red] to Black women in the office as 'sis' or 'bitch.'" *Id.* at ¶¶ 50-51. Winfrey contends Alper would "dismiss what [Black Momentum employees] had to say," but would "be very open and welcoming to questions and concerns from white employees." *Id.* at ¶¶ 63-64. Hall raises similar allegations, claiming "Anclien was dismissive and rude towards only the Black employees," and Alper would address him as a member of the Crips street gang. *Id.* at ¶¶ 75-80.

These allegations satisfy the pleading standards of Rule 8(a)(2). The Court therefore finds the aiding and abetting claims against Anclien and Alper are not futile.

### B. Arbitration

In addition to challenging the sufficiency of the proposed pleadings, Defendants argue the claims of Sunkins, Hall, and Oguekwe are futile because they are subject to binding arbitration. Defs.' Br. in Opp'n, D.E. 60, at pp. 19-26. Plaintiff raises two objections. First, that "Defendants cannot seek to compel arbitration in opposition to a motion to amend," and second, that the arbitration agreements at issue are unenforceable. Pl.'s Br. in Further Supp., D.E. 63, at pp. 8-9, 11-13.

Because Plaintiff has challenged the validity of the arbitration agreements at issue, the Court cannot rule that Sunkins, Hall, and Oguekwe's claims are subject to arbitration at this juncture. Such arguments are better adjudicated in the context of a motion to compel arbitration or a motion to dismiss. *See, e.g.*, *Raginwala v. Citibank, N.A.*, Civ. No. 18-14896, 2020 WL 525852, at *2 (D.N.J. Feb. 3, 2020); *Huertas v. Foulke Mgmt. Corp.*, Civ. No. 17-1891, 2018 WL 3831333, at *3 (D.N.J. Aug. 13, 2018) (declining to find claims subject to arbitration and, thus, futile "on the present record"); *but see Mills v. Marjam Supply Co.*, Civ. No. 08-5726, 2009 WL 235593, at *2-3 (D.N.J. Jan. 30, 2009) (finding proposed amendments futile because of plaintiff's failure to address, object to, or argue against application of arbitration clause). The Court's decision to reject Defendants' argument is without prejudice to their right to later file a motion to compel arbitration or to dismiss the Second Amended Complaint.

11

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend is granted in part and denied in part.

An appropriate Order accompanies this Opinion.

                                            */s Michael A. Hammer*
                                            **UNITED STATES MAGISTRATE JUDGE**

Dated: October 25, 2021